# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM LANE BARCUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 17-2492-JWL-KGG |
| | ) |
| THE PHOENIX INSURANCE CO., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM & ORDER ON MOTION FOR FEES & COSTS**

In the present action, which was removed from the District Court of Miami County, Kansas, Plaintiff seeks the proceeds of uninsured motorist coverage from Defendant insurer. (Doc. 1-1.) Plaintiff also seeks attorney fees pursuant to K.S.A. §40-256.

Now before the Court is Defendant's Motion to Strike Expert, based on the failure of Plaintiff counsel to appear for the deposition of vocational expert Michael Dreiling.[1] (Doc. 56.) Defense counsel then engaged in unsuccessful efforts over a two-week period to reschedule the deposition, culminating in filing the underlying motion. (*Id.*)

---

[1] Plaintiff's expert Mr. Dreiling did, however, appear for the deposition, which was noticed for Dreiling's office. (Doc. 56-3; Doc. 56-5.)

1

Defendant has informed the Court that the deposition has been scheduled since the filing of this motion, thus Defendant withdrew the request to strike the expert. (Doc. 57.) "Defendant, however, maintains its request for the fees and expenses associated with the initial appearance at the deposition wherein Plaintiff's counsel did not appear at the time scheduled; and for the fees and expenses incurred in filing the Motion to Strike." (*Id*.) These fees and expenses are listed as $540.00 incurred for appearing for the originally scheduled deposition and filing the underlying motion along with costs of $93.00 for the court reporter. (*Id*.)

Plaintiff's counsel responds that he was late for the deposition because he had a medical procedure that "went longer than expected" that day. (Doc. 69, at 1.) Because he could not take his phone into the examination room, "he was unable to contact anyone about the delay." (*Id*.) Plaintiff's counsel states he was unable to use his phone until approximately ten minutes *after* the deposition was to have occurred but, despite his efforts, was unable to contact anyone in Mr. Dreiling's office to indicate he was on his way. (*Id*.) Plaintiff's counsel indicates he arrived at Dreiling's office approximately 20-25 minutes late, but defense counsel had already gone. (*Id*.) Plaintiff's counsel contends that both defense counsel and the court reporter were informed approximately ten minutes later (30-35 minutes after the deposition was noticed to have commenced), but defense counsel "refused to return to the deposition." (*Id*., at 1-2.)

The Court finds that defense counsel should be reimbursed for defense counsel's attorney's fees and the court reporter expense relating to the originally scheduled deposition for which Plaintiff's counsel failed to appear. While the Court sympathizes with the situation in which Plaintiff's counsel found himself, the fact remains that defense counsel was not at fault for what occurred that day. The Court, however, overrules Defendant's request for fees relating to filing the present motion. Because Defendant has not itemized the claimed attorney fees by date or activity, the parties are instructed to confer regarding the fees pursuant to the procedure enumerated in D. Kan. Rule 54.2.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike (Doc. 56) is **GRANTED in part** and **DENIED in part** as more fully set forth above.

IT IS SO ORDERED.

Dated this 19th day of July, 2018, at Wichita, Kansas.

                                          s/ KENNETH G. GALE
                                          HON. KENNETH G. GALE
                                          U.S. MAGISTRATE JUDGE