# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM LANE BARCUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 17-2492-JWL-KGG |
| THE PHOENIX INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REBUTTAL EXPERT REPORT

Defendant moves to strike the disclosure of Plaintiff's rebuttal expert, Dr. Abrams. Defendant's argument is essentially that because Dr. Abrams' opinions are relevant to Plaintiff's primary claims rather than to the defense expert disclosures, the disclosure of his opinions should have been made during Plaintiff's initial expert disclosures, not as a rebuttal expert.

This motion requests enforcement of the rules for disclosing expert witness testimony during the discovery phase of a law suit. Federal Rule of Civil Procedure 26(a)(2) specifies the required content of expert disclosures and provides that the court set a time line for disclosures. The rule specifically provides that absent a court order setting a different time, expert disclosures "intended solely to contradict or rebut evidence" presented in another party's

disclosures may be made within 30 days after the other party's disclosure. Fed.R.Civ.P. 26(a)(2)(D). This definition of rebuttal evidence is at issue in this case.

Pursuant to Rule 26, this Court issued Scheduling Orders specifying the time and order of expert disclosures. (Docs. 10, 54). The Scheduling Order, issued with the input and consultation of counsel, provided for the sequential disclosure of expert evidence, beginning with Plaintiff, then Defendant, and followed by the disclosure of "rebuttal experts." The parties accomplished their disclosures within the specified deadlines.

Defendant contends that Plaintiff's rebuttal expert disclosure fails to qualify as a rebuttal under Fed.R.Civ.P. 26(a)(2)(D) and, thus, should have been disclosed with initial reports. The court agrees.

A proper rebuttal expert is "'intended solely to contradict or rebut evidence on the same subject matter identified by another party'" in its expert disclosures. **Estate of Hammers v. Douglas Co. Bd. of Comm'rs**, No. 15-7994-DM, 2016 WL 6804905, at *1 (D. Kan. Nov. 16, 2016) (quoting Fed.R.Civ.P. 26(a)(2)(D)(ii)). Stated another way, rebuttal evidence is "evidence which attempts to 'disprove or contradict' the evidence to which it contrasted." **Tanberg v. Sholtis**, 401 F.3d 1151, 1166 (10th Cir. 2005) (citation omitted).

Plaintiff, in response to this motion, lists topics which he claims were newly raised in the defense disclosures and which were the subject of responses by his rebuttal expert. These include (1) Plaintiff did not have a concussion; (2) if he had one he has recovered; (3) his condition of vestibular disfunction is not caused by the accident; and (4) the cause of Plaintiff's problems is ADHD. The Court has reviewed the report of the rebuttal expert (Doc. 79-9) and finds it to be no more than an additional general opinion concerning injury and causation.

Whether Plaintiff had a concussion as a result of the accident and has continuing symptoms are general issues in this case addressed by Plaintiff's primary experts. While the rebuttal expert does opine that Plaintiff suffers from vestibular disfunction and that the condition contributes to plaintiff's cognitive defects, he does not opine that the condition was caused by the accident. There is also no specific rebuttal to the analysis of ADHD, except to repeat that Plaintiff's conditions were caused by the accident. Dr. Abrams' opinion is no more a rebuttal to the defense experts than are Plaintiff's primary experts. Adding another voice to Plaintiff's chorus of experts does not change the song.

Because Dr. Abrams' opinion only supports Plaintiff's primary contentions and does not rebut any new elements of the defense expert claims, it is not "intended solely to contradict or rebut evidence on the same subject matter identified by another party" and, therefore, is <u>not</u> proper rebuttal. The disclosure,

being due at the time of Plaintiff's primary expert disclosures, is thus stricken as out of time.

Defendant's motion is **GRANTED**. The expert disclosures relating to Dr. Abrams are stricken.

IT IS SO ORDERED.

Dated this 17th day of August, 2018 at Wichita, Kansas.

S/ KENNETH G. GALE<br>
Kenneth G. Gale<br>
United States Magistrate Judge